

# The Attorney General of Texas

November 7, 1977

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Randall L. Sherrod
Criminal District Attorney
Randall County
Canyon, Texas 79015

Opinion No. H-1086

Re: Whether a county
can reject a low bid
on the sole ground that
the bidder is not a res-
ident of the county.

Dear Mr. Sherrod:

You have requested our opinion concerning the following question:

> Whether a county may award a contract
> to one not a low bidder on the sole
> basis that the said bidder is a local
> merchant or businessman and the low
> bidder is not a local merchant or
> businessman.

Section 2 of article 2368a, V.T.C.S., provides in part:

> No county . . . shall hereafter make any
> contract calling for or requiring the ex-
> penditure of payment of Three Thousand
> Dollars ($3,000.00) or more . . . without
> first submitting such proposed contract
> to competitive bids . . . and said con-
> tract shall be let to the lowest respon-
> sible bidder. <u>The Court and/or government
> body shall have the right to reject any
> and all bids</u> . . . .

(Emphasis added). You have directed our attention to the court's opinion in A & A Construction Co., Inc. v. City of Corpus Christi, 527 S.W.2d 833 (Tex. Civ. App. -- Corpus Christi 1975, no writ). The case involved the right of a low bidder to an injunction prohibiting the city from contracting with another bidder. The court noted the por-tion of article 2368a emphasized above and stated:

> [T]he city by statute had the discretion to
> reject appellant's bid and it did so.  Con-
> sequently, the appellant has no right, prob-
> able or vested, to the award of the contract.

Id. at 835.  Apparently the city had rejected the plaintiff's
bid due to its late submission.  The court did not address the
question of sufficiency of the cause for rejection but disposed
of the claim in the above unqualified language.

In Texas Highway Comm'n v. Texas Ass'n of Steel Importers,
Inc., 372 S.W.2d 525 (Tex. 1963), the court dealt with a Highway
Department rule restricting bids to those with a provision that
materials furnished would be manufactured in the United States,
its territories and possessions.  The court held that the rule
was illegal as a violation of the competitive bidding statute,
article 6674h, V.T.C.S., quoting with approval a statement re-
garding competitive bidding in Sterrett v. Bell, 240 S.W.2d 516,
520 (Tex. Civ. App. -- Dallas 1951, no writ):

> Its purpose is to stimulate competition,
> prevent favoritism and secure the best
> work and materials at the lowest practi-
> cable price, for the best interests and
> benefit of the taxpayers and the property
> owners.  There can be no competitive
> bidding in a legal sense where the terms
> of the letting of the contract prevent or
> restrict competition, favor a contractor
> or materialman, or increase the cost of
> the work or of the materials or other
> items going into the project.

372 S.W.2d at 527.

We believe it clear that since the Highway Department could
not limit bids in such a manner, it likewise could not reject a
bid solely upon the same grounds, notwithstanding the authority
of the Department "to reject any and all . . . bids."  V.T.C.S.
art. 6674i.  Thus, this language which is also contained in
article 2368a does not provide a contracting authority with un-
limited discretion to reject bids.

The Texas Supreme Court has held that a limitation regard-
ing the source of materials would be an illegal restriction upon
competition; in our view the same would be true of a requirement
that a bidder be located within the county.  Texas Highway Comm'n
v. Texas Ass'n of Steel Importers, Inc., supra.  See 10 McQuillin,
The Law of Municipal Corporations § 29.49 (3d ed. 1949).  Accord-
ingly, in our opinion, a county may, as a general matter, not

award a contract to one not a low bidder on the sole basis that the said bidder is a local merchant or businessman and the low bidder is not a local merchant or businessman.  Of course there may exist circumstances in which the proximity of the bidders relates to the determination of the "lowest responsible bidder," which determination is within the reasonable discretion of the contracting authority.

### S U M M A R Y

A county may not reject a low bid solely because the bidder is not a local merchant or businessman.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst